**SIGNED THIS: April 29, 2011**

_____
　　　　　　　　　　　　GERALD D. FINES
　　　　　　　　UNITED STATES BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SHONELL LAMONT BOLDEN and ) | Bankruptcy Case No. 11-90351 |
| FELICIA MICHELLE FORMAN-BOLDEN, ) | |
| ) | |
| Debtors. ) | |

OPINION

This matter having come before the Court on a Petition to Avoid Transfer of Wages Pursuant to Garnishment filed by the Debtors and Response to Petition to Avoid Transfer of Wages Pursuant to Garnishment filed by Personal Finance Co.; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1.　　The Debtors filed for relief under Chapter 7 of the Bankruptcy Code on March 7, 2011.

2.    On October 18, 2010, prior to the Debtors' filing for Chapter 7 relief, a judgment was entered against the Debtors in the Circuit Court of the Fifth Judicial Circuit, Vermilion County, Illinois, in Case No. 10-SC-1285, in favor of Creditor, Personal Finance Co.

3.    On October 29, 2010, Creditor, Personal Finance Co., filed an Affidavit for Wage Deduction Order against the Debtor/Defendant, Shonell Lamont Bolden.

4.    On November 30, 2010, the employer of Debtor/Defendant, Shonell Lamont Bolden, Mervis Industries filed an Answer to Wage Deduction Interrogatories in the State Court.

5.    On December 16, 2010, the State Court entered a Wage Deduction Order, and wages in the sum of $970.37, were deducted from the wages of Debtor/Defendant, Shonell Lamont Bolden, at Mervis Industries. The wages were subsequently tendered to Creditor, Personal Finance Co.

6.    The instant Petition to Avoid Transfer of Wages Pursuant to Garnishment was filed in this Court by the Debtors on March 29, 2011, seeking to have the turnover of wages avoided as a preference pursuant to 11 U.S.C. § 547. Creditor, Personal Finance Co., filed its Response to Petition to Avoid Transfer of Wages Pursuant to Garnishment on April 6, 2011, and a hearing was held on this matter on April 26, 2011. The matter is now ripe for decision by this Court.

## Conclusions of Law

Pursuant to 11 U.S.C. § 522(h):

> (h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if --
>
> > (1) such transfer is avoidable by the trustee under sections 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
> >
> > (2) the trustee does not attempt to avoid such transfer.

The key issue under 11 U.S.C. § 522(h), concerns whether the debtor can exempt the property which is sought to be recovered.

2

Illinois has opted out of the federal exemptions, thus, the personal property exemptions of the State of Illinois apply. Those are found at 735 ILCS 5/12-1001. The Illinois Code of Civil Procedure 735 ILCS 5/12-1001 states, in pertinent part, that:

> The personal property exemptions set forth in this Section shall not apply to or be allowed against any money, salary, or wages due or to become due to the debtor that are required to be withheld in a wage deduction proceeding under Part 8 of this Article XII.

See: 735 ILCS 5/12-801.

Given the clear language of § 12-1001, excluding wages withheld pursuant to a garnishment order from exemption, the Court must conclude that the Debtors in this case cannot avail themselves of the avoidance power set forth in 11 U.S.C. § 522(h). As such, the Court must conclude that the Petition to Avoid Transfer of Wages Pursuant to Garnishment must be denied.

###